UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MATTHEW BOYNTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SUMMIT NATURAL GAS OF MAINE, INC.,** | ) |
| **And SUMMIT UTILITIES, INC.** | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Summit Natural Gas of Maine, Inc. ("Summit Natural Gas of Maine") and Summit Utilities, Inc. ("Summit Utilities"), collectively "Defendants," hereby notice the removal of the following-described action from the Franklin County Superior Court ("State Court") to the United States District Court for the District of Maine ("District Court"), as authorized by 28 U.S.C. §§1441-1446. Defendants respectfully submit the following grounds for removal:

**I.      Nature Of The Action**

1.      On October 24, 2019, Plaintiff Matthew Boynton, filed a civil action against Defendants in the Franklin County Superior Court, Civil Action No. 2019-CV-20, entitled Matthew Boynton v. Summit Natural Gas of Maine, Inc., et al. (the "State Court Action"). (Plaintiff's Summons and Complaint ("Complaint"), Exhibits to the Affidavit of Tawny Alvarez, **Exhibit 1.**)

2.      Defendant Summit Natural Gas of Maine, Inc., accepted service of the Summons and Complaint on October 29, 2019, in the State Court Action and filed an Answer to the Complaint on November 18, 2019.

## II. Subject Matter Jurisdiction Exists

9. This is a civil action over which this court has jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action that arises under the laws of the United States, as further described below.

### A. Federal Question

10. Plaintiff's Complaint alleges that Defendants are employers "within the meaning of 42 U.S.C. § 12101 et seq.," and that Defendants "retaliated against [Plaintiff] in violation of the Americans with Disabilities Act," and "willfully violated the Americans with Disabilities Act by its conduct." (**Exhibit 1**, Complaint ¶¶ 51-52.)

11. The Americans with Disabilities Act (ADA) is a series of federal statutes prohibiting, inter alia, employment discrimination against qualified individuals with disabilities. *See* 42 U.S.C. § 12101 et seq. To establish a prima facie case of retaliation under the ADA, Plaintiff must establish that he "engaged in a statutorily-protected activity," that his employer "took an adverse action against [him]," and that "a causal connection existed between [the employer's] action and [his] activity." *Collazo-Rosado v. Univ. of. Puerto Rico*, 765 F.3d 86, 92 (1st Cir. 2014).

12. On the face of Plaintiff's Complaint, this Action "arises under" federal law because necessary elements in the action require a determination of whether Plaintiff engaged in activity protected by the ADA, whether he was subjected to an adverse employment action, and whether there was a causal connection between those incidences.

12. This Court also has authority to exercise supplemental jurisdiction over Plaintiff's related state law claims arising from the same controversy. *See* 28 U.S.C. § 1367(a).

### III. Timeliness and Technical Requirements of Removal

3. Defendant Summit Natural Gas of Maine accepted service of process in the State Court Action on October 29, 2019.

4. This removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within thirty (30) days after service of the Summons and Complaint.

5. Written notice of the filing of this Notice of Removal will be filed with the Clerk of the Franklin County Superior Court for the State of Maine, in accordance with the provisions of 28 U.S.C. § 1446(d).

6. The United States District Court for the District of Maine is a proper venue because the action being removed was filed in Franklin County Superior Court of the State of Maine.

7. A Notice of Filing of this Notice of Removal is concurrently being served on Plaintiff.

### IV. Removal Is Proper

8. Because this Action arises under the laws of the United States, the Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331. Accordingly, this Action may be removed pursuant to 28 U.S.C. § 1441. Venue is proper in this Court under 28 U.S.C. § 1391, as a "substantial part of the events . . . giving rise to the claim occurred" in Maine, and this action was pending in a state court within this district and division.

**WHEREFORE**, Defendants pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the United States District Court for the District of Maine for determination as provided by law, and the United States District Court for the District of Maine enters orders and issue such process as may be

proper to bring before it all records and proceedings in the State Court Action, and thereupon proceed with this civil action as if it had been originally commenced in the United States District Court for the District of Maine.

Dated: November 22, 2019

        SUMMIT NATURAL GAS OF MAINE, INC.
        and SUMMIT UTILITIES, INC.

        By their attorney,

        /s/ Tawny L. Alvarez
        Tawny L. Alvarez, Esq., Bar No. 5173
        Verrill Dana, LLP
        One Portland Square
        Portland, ME 04101
        Phone: 207-774-4000
        Fax: 207-774-7499
        talvarez@verrilldana.com
        Attorney for Defendants,
        Summit Natural Gas of Maine, Inc.,
        and Summit Utilities, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019, I electronically filed with the Clerk of Court using the newcases.portland@med.uscourts.gov email system and served an electronic copy via email to Plaintiff's counsel below.

Sally Morris, Esq.<br>
6 City Center, Suite 300<br>
Portland, ME  04101<br>
smorris@morrisemploymentlaw.com

Dated:  November 22, 2019

/s/ Tawny L. Alvarez
Tawny L. Alvarez
VERRILL DANA, LLP
One Portland Square
Portland, ME  04112
(207) 774-4000
talvarez@verrill-law.com

13338390_1